IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:06cv629-CSC<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

The *pro se* plaintiff Patricia Jackson ("Jackson") filed this lawsuit to review a final judgment by Defendant Jo Anne Barnhart, Commissioner of Social Security, in which she determined that Jackson is not "disabled" and therefore, not entitled to supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq.. Her application was denied at the initial administrative level. Jackson then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. On April 21, 2006, the Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On July 18, 2006, Jackson filed a complaint in this court challenging the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Commissioner's decision. (Doc. # 1.) On October 19, 2006, the defendant filed a motion to dismiss, asserting that Jackson's complaint was not timely filed. (Doc. # 9). On October 26, 2006, Jackson filed a response and attached evidentiary materials to support her argument that her complaint was timely filed. (Doc. # 14). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is the defendant's motion to dismiss. (Doc. # 9). Upon review of the defendant's motion, Jackson's response, the briefs in support of and in opposition to the motion to dismiss and the attached evidentiary materials, the court concludes that the defendant's motion to dismiss is due to be granted.[2]

## DISCUSSION

The Commissioner has filed a motion to dismiss alleging that the plaintiff failed to file her complaint in this court in a timely manner. The Commissioner argues that this case is due to be dismissed because Jackson failed to file her complaint in this court within 60 days after the date she presumably received notice from the Appeals Council that her request for review of the administrative law judge's decision was denied. In support of her position, the defendant relies on the Appeals Council's denial of Jackson's request for review dated April 21, 2006. In that letter, the Appeals Council advised Jackson to file her complaint in the United States District Court for the judicial district in which she lives within sixty days

---

[2] The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).

from the date of her receipt of the letter.  The Commissioner informed Jackson that she would assume that Jackson "received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Attach. to Doc. # 10, Def's Ex. # 1).  Presuming that she received the Appeals Council's notice five days after April 16, 2006, Jackson should have filed her complaint on or before June 30, 2006.  She filed her complaint in this court on July 18, 2006.

In her response, Jackson asserts that she filed her complaint in the Circuit Court for Montgomery County, Alabama on June 20, 2006.  She argues that because she filed an action in state court within 60 days of her receipt of the notice from the Appeals Council, her complaint should be considered timely filed.  She contends that she filed in this court as soon as she was notified by the state court that she had filed in the wrong court.  In essence, she is arguing that her untimely filing should be equitably tolled because her complaint was timely filed in state court.

In this circuit, the sixty day time period prescribed by 42 U.S.C. § 405(g) is not jurisdictional, but is rather a statute of limitation.  *Shows v. Dep't of Health & Human Servs.*, 740 F.2d 891, 891-92 (11th Cir. 1984).  Consequently, the limitation period is subject to equitable tolling in certain circumstances.  The plaintiff urges the court to equitably toll the limitation period during the time her complaint was pending in state court.  In *Burnett v. New York Central Railroad Co.*, the Supreme Court held that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, . . . and plaintiff's case is dismissed for improper venue, the FELA limitation period is tolled during the pendency of the state suit."

3

380 U.S. 424, 434-35 (1965).  The Court reached this conclusion after determining that "Congress did not intend the statute of limitations to bar a plaintiff who brings a timely FELA action in a state court of competent jurisdiction." *Id*. at 432.  Consequently, the sole determinative issue for this court is whether the plaintiff's filing in the Circuit Court of Montgomery Court tolled the limitation period contained within 42 U.S.C. § 405(g) while that action was pending in state court.  The court concludes that the limitation period was not tolled because the state action was not filed in a court of competent jurisdiction with respect to this type of case.

Title 42 U.S.C. § 405 provides, in relevant part:

(g) Judicial review

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. **Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia**. . . .

(h) Finality of Commissioner's decision

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. **No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided**. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g) and (h) (emphasis added.)

The language of 42 U.S.C. § 405(g) clearly establishes jurisdiction in federal district courts. Moreover, this jurisdiction is exclusively within the purview of the federal courts. 42 U.S.C. § 405(h). These explicit statutory directives "dictate[] the conclusion that federal courts have exclusion jurisdiction" over the plaintiff's claim. *See Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348, 1352 (11th Cir. 2000). Because federal courts have exclusive jurisdiction over her claim, the state court did not have concurrent jurisdiction over Jackson's claim. Jackson's filing in state court, therefore, did not toll the limitation period because unlike concurrent FELA jurisdiction in *Burnett*, the state court did not have jurisdiction to hear her Social Security claim. *Id*. at 1353. Thus, the court concludes that Jackson's complaint was not timely filed and the defendant's motion to dismiss is due to be granted.

## CONCLUSION

Accordingly, it is

ORDERED that the defendant's motion to dismiss be and is hereby GRANTED and that this case be and is hereby DISMISSED with prejudice.

Done this 12th day of December, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE